# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Melanie Duggan,<br><br>                    Plaintiff<br>v.<br><br>MRS Associates,<br><br>                    Defendant | FILED ELECTRONICALLY |

## COMPLAINT

### I. Introduction

1.    This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act") which prohibits debt collectors from engaging in abusive, unfair, and deceptive practices.

### II. Jurisdiction and Venue

2.    Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d), which permits an action under the Act to be brought in any court of competent jurisdiction.

3.    Venue in this district is proper in that Defendant transacts business here and the conduct complained of is alleged to have occurred here.

### III. Parties

4. Plaintiff, Melanie Duggan, is a natural person residing at 1047 Cottage Ave., Scranton, PA 18508.

5. Defendant, MRS Associates, ("The Collector") is a corporation engaged in the business of collecting debts in this state with a place of business located at 1930 Olney Ave., Cherry Hill, NJ 08003-2016.

6. The Collector is a "debt collector" as defined by the Act, 15 U.S.C. § 1692a(6).

### IV. Statement of Claim

7. On or before June 9, 2009, the Collector began attempting to collect an alleged account ("the Account") from Plaintiff.

8. The Account is a "debt" as that term is defined by the Act, 15 U.S.C. §1692a(5).

9. The collector regularly uses the telephone and mails to attempt to collect consumer debts alleged to be due another.

10. Between June 8, 2009, and June 16, 2009, the Collector caused at least two (2) telephone calls ("*the Calls*") to be placed to phone number (570) 343-4226.

11. The aforementioned phone number was assigned to the address identified in paragraph 4 at all times relevant to this matter.

12. During each of *the Calls*, an employee of the Collector left a message ("*the Messages*") for Plaintiff.

13. 15 U.S.C. § 1692e(11) requires a debt collector to disclose that the communication is from a debt collector in each communication with a consumer.

14. In both of *the Messages,* the caller failed to disclose that the call was from a debt collector.

15. In both of *the Messages,* the caller failed to provide the disclosure required by 15 U.S.C. § 1692e(11).

16. 15 U.S.C. § 1692d(6) requires a debt collector to provide a meaningful disclosure of identity in each communication with a consumer.

17. In both of *the Messages,* the caller failed to state the name of the Collector.

18. In both of *the Messages,* the caller failed to state the purpose of the call.

19. In both of *the Messages,* the caller failed to provide the meaningful disclosure of identity required by 15 U.S.C. § 1692d(6).

20.  15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect a debt or obtain location information about a consumer.

21.  In one of *the Messages* the caller stated, in substantial part, as follows: "I do need to hear back from you today. Melanie there's some very important information here that I would like to discuss over with you in great detail. I have been asked to render this decision on your behalf. Before making my decision though I would like to speak with you."

22.  The statements referenced in paragraph 21 created a false sense of urgency that Plaintiff was required to take immediate action to avoid dire consequences.

23.  The statements referenced in paragraph 21 were false and deceptive, in that they create the false urgency, in an attempt to garner a return call or payment from Plaintiff.

24.  The statements referenced in paragraph 21 violated 15 U.S.C. § 1692e(10).

25.  The *Calls* and *Messages* were attempts to collect the Account.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs, attorney's fees, and such other and further relief as the Court deems just and proper.

## V. Demand for Jury Trial

26.     Plaintiff demands a trial by jury as to all issues so triable.

                                Respectfully Submitted,

                                <u>s/ Kenneth W. Pennington</u>
                                Kenneth W. Pennington
                                Bar Number PA 68353
                                Attorney for Plaintiff
                                Sabatini Law Firm, LLC
                                216 N. Blakely Street
                                Dunmore, PA  18512
                                Phone (570) 341-9000
                                Facsimile (570) 504-2769
                                Email kpecf@bankruptcypa.com